UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE COWGILL, )<br>   Plaintiff, )<br>             )<br> vs.           )<br>             )<br>WHITEWATER PUBLISHING et al, )<br>   Defendant. )| 1:08-cv-0258-JMS-DFH |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant Missy Shrock's Motion to Dismiss the Defamation Count of Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Dkt. # 16). No response was filed by Plaintiff, and the time for doing so has expired. Being duly advised, the magistrate judge **GRANTS** Defendant Shrock's motion for the reasons set forth below.

## Background

Plaintiff Michelle Cowgill ("Cowgill") filed this lawsuit alleging sex discrimination pursuant to Title VII by her former employer, Whitewater Publishing ("Whitewater"). Whitewater Publishing owned the News Times newspaper in Blackford County, Indiana, where Cowgill was employed. She further alleged defamation by Missy Shrock ("Shrock"), the publisher of the News Times newspaper.

## Motion to Dismiss

Shrock moves to dismiss the defamation claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing the claim lacks the specificity required even under a notice pleading standard. As noted above, Cowgill has not filed a response to Shrock's motion.

A party moving to dismiss pursuant to F.R.C.P. 12(b)(6) must show that the pleading

itself fails to provide a basis for any claim for relief under any set of facts. *Ed Miniat, Inc. v. Globe Life Ins. Group Inc.,* 805 F.2d 732, 733 (7th Cir. 1986). In examining a Rule 12(b)(6) motion, the Court will treat all well-pleaded factual allegations as true, and construe all inferences that may be reasonably drawn from those facts in the light most favorable to the nonmovant, in this case, Cowgill. *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Defamation is "that which tends to injure reputation or to diminish esteem, respect, good will or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff." *Davidson v. Perron,* 716 N.E.2d 29, 37 (Ind. Ct. App. 1999). In order to establish a claim for defamation, Cowgill must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Id.* Whether a communication is defamatory is a question of law to be decided by the Court. *McQueen v. Fayette County Sch. Corp.,* 711 N.E.2d 62, 65 (Ind. Ct. App. 1999).

Even under the notice pleading standard, a plaintiff is still required to set out the operative facts of the claim, including the alleged defamatory statement, in the complaint. *Trail v. Boys & Girls Clubs,* 845 N.E.2d 130, 136 (Ind. 2006). Without the statement itself, the Court cannot determine if it is legally defamatory. *Id* at 137. The lack of a specific statement also denies the defendant the opportunity to prepare appropriate defenses. *Id.* While the alleged defamatory statements do not need to be recited verbatim in order to satisfy the notice pleading requirement, "the complaint must give sufficient notice of the alleged statement to allow defendant to form an appropriate response." *Farr v. St. Francis Hosp. & Health Ctrs.,* 2007 U.S.

Dist. LEXIS 72352, at *10 (S.D. Ind. Sept. 26, 2007), citing *Cain v. Elgin, Joliet & Eastern Ry.*, 2005 U.S. Dist. LEXIS 41573, at *5 (N.D. Ind. May 3, 2005).

In her complaint, Cowgill alleges only that "statements were made regarding [her], to others, that were false, misleading and inaccurate." (Complaint, ¶ 32). She further states in her defamation claim that these statements were made by Shrock while she was "still an employee of the Defendant and thereafter," "to others, where the defamation was published to third parties." (Complaint, ¶'s 32, 34). In the facts section of her complaint, Cowgill alleges "Shrock took an active part to sabotage any subsequent employment of the Plaintiff, where there were falsehoods stated by Shrock as to the Plaintiff, her person, and work performance," and "Shrock thereafter spoke of the Plaintiff in negative terms, notably at a community meeting where the words were heard by the intended person and those persons in the immediate vicinity, on or about June, 2007." (Complaint, ¶'s 23-24).

Although Cowgill need not recite the alleged defamatory statements verbatim, she must provide sufficient information about the alleged defamatory statement to allow Shrock to form an appropriate response and prepare a defense. The allegations in Cowgill's defamation claim lack any reference to the number of statements made, to whom the statements were made, or when and in what context they were made. While the facts section of the complaint does refer specifically to statements allegedly made at a community meeting in June 2007, it is apparent from the language of the defamation claim that those statements are not the only ones allegedly made by Shrock for which Cowgill seeks relief. Further, Cowgill provides no clue as to the content of the alleged statements at the community meeting or to whom they were made. The lack of specificity with respect to Cowgill's defamation claim, as written, fails to state a claim upon which relief can be granted.

**Conclusion**

Taken in the light most favorable to Cowgill, the defamation claim in this matter does not state a claim on which relief could be granted. Therefore, Shrock's Motion to Dismiss is granted. When a court grants a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff should be allowed an opportunity to amend her complaint. *See, e.g., Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n,* 377 F.3d 682, 690 (7th Cir. 2004). Cowgill may file an amended complaint no later than June 27, 2008. If no amended complaint is filed by that date, the Court will dismiss the defamation claim from Cowgill's complaint with prejudice.

**SO ORDERED.**

05/29/2008

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Thomas Dean Margolis
icarusx@earthlink.net

Jill A. Sandifur
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jill.sandifur@ogletreedeakins.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com