UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE COWGILL, )<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>WHITEWATER PUBLISHING et al, )<br>      Defendants. ) | 1:08-cv-0258-JMS-DFH |

### ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Whitewater Publishing's Motion for Judgment on the Pleadings as to Plaintiff's Defamation Claim (Count II). (Dkt. # 33). No response was filed by Plaintiff, and the time for doing so has expired. Being duly advised, the magistrate judge **GRANTS** Defendant Whitewater Publishing's motion for the reasons set forth below.

### Background

Plaintiff Michelle Cowgill ("Cowgill") filed this lawsuit alleging sex discrimination pursuant to Title VII by her former employer, Whitewater Publishing ("Whitewater"). Whitewater Publishing owned the News Times newspaper in Blackford County, Indiana, where Cowgill was employed. She further alleged defamation by Missy Shrock ("Shrock"), the publisher of the News Times newspaper.

Defendant Shrock moved to dismiss the defamation claim pursuant to Fed. R. Civ. P. 12(b)(6). After Plaintiff failed to amend her complaint within the specified time, the Court granted Shrock's motion. (Dkt. #s 30, 32). In granting Shrock's motion to dismiss, the Court found Plaintiff's complaint had failed to set out sufficient information about the alleged

defamatory statements to state a claim for which relief could be granted.

**Motion for Judgment on the Pleadings**

Whitewater moves for judgment on the pleadings as to the defamation claim pursuant to Fed. R. Civ. P. 12(c). Whitewater argues the Court should enter judgment in its favor for the same reasons the Court granted Shrock's motion for dismissal. Cowgill has not filed a response to Whitewater's motion.

A 12(c) motion for judgment on the pleadings may be brought after the pleadings are closed. Fed. R. Civ. P. 12(c). The motion is reviewed under the same standard applied to a 12(b)(6) motion for failure to state a claim. *See Guise v. BWM Mortgage*, LLC, 377 F.3d 795, 798 (7th Cir. 2004). The court will treat the allegations of the complaint as true, and will draw all reasonable inferences for the plaintiff. *Jackson v. Arvinmeritor, Inc.*, 2008 U.S. Dist. LEXIS 514 *2 (S.D. Ind. January 3, 2008) (citing *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Dismissal may be granted if the factual allegations set forth in the complaint are "enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To survive such a motion, a party must present a plausible claim for relief. *Id.* As the Court noted when granting Shrock's motion to dismiss, a plaintiff must set out the operative facts of the claim, including the alleged defamatory statement, in the complaint. *Trail v. Boys & Girls Clubs,* 845 N.E.2d 130, 136 (Ind. 2006).[1]

In her complaint, Cowgill alleges she "was the subject of the statements from Shrock, following the discharge from the News Times, where other persons with the Defendant are believed to have made statements concerning the Plaintiff, to her detriment." (Complaint, ¶ 31)

---

[1]The Court will not fully recite here its analysis of the requirements for pleading defamation claims, and its reasoning for the dismissal of Plaintiff's claim against Shlock. Please refer to Docket # 30 for this analysis and reasoning.

She further states that "[t]he News Times called a perspective [sic] employer on or about December 4, 2007, with no know [sic] reason or basis for that telephone call; to the detriment of the Plaintiff." (Complaint, ¶ 26).

Although Cowgill need not recite the alleged defamatory statements verbatim, she must provide sufficient information about the alleged defamatory statement to present a plausible claim for relief. As with her allegations of defamatory statements by Shrock, Cowgill fails to provide sufficient information about the alleged defamatory statements made by Whitewater. In addition, Cowgill fails to specifically allege that Whitewater made any defamatory statements.

**Conclusion**

Even if all of Cowgill's allegations are true, she does not present a plausible claim for relief. Therefore, Whitewater's Motion for Judgment on the Pleadings is **GRANTED**. The defamation claim against Whitewater is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

08/01/2008

                                                Jane Magnus-Stinson
                                                United States Magistrate Judge
                                                Southern District of Indiana

Distribution:

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Thomas Dean Margolis
icarusx@earthlink.net

Jill A. Sandifur
OGLETREE, DEAKINS, NASH, SMOAK & STEWART

jill.sandifur@ogletreedeakins.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com