UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE COWGILL, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:08-cv-0258-JMS-DFH |
| ) | | |
| WHITEWATER PUBLISHING et al, ) | | |
| Defendant. ) | | |

**ENTRY REGARDING MOTION TO REOPEN CASE**

After Plaintiff or her counsel failed on numerous occasions to comply with court orders, respond to discovery, or respond to show cause orders, and after warning of the sanction of dismissal was provided, the Court finally threw in the towel and dismissed the case for failure to prosecute. (*See* Dkt. # 42). The dismissal was entered on August 21, 2008 and was without prejudice. (*Id*.) The entry provided Plaintiff a period of 60 days to move to reopen the matter, after which time the dismissal would convert to one with prejudice. On September 16, 2008, Plaintiff filed a document entitled "Response to Court" which she then docketed with the title "Submission *response to court/motion to reopen/reconsider*." (Dkt. # 43). Although the document appeared to be more of a response to the Court's prior show cause order of July 28, 2008, given the "motion to reopen" phrase contained in the docketed title, the Court treated the "Response to Court" as a motion to reopen the case. Defendants were then provided an opportunity to file a response, and both have done so. Plaintiff was also provided with an opportunity to reply. The deadline for her reply has now passed, and, as has been par for the course throughout this litigation, Plaintiff did not file a reply. Therefore, this matter is now ripe for ruling.

Plaintiff's motion to reopen the case is properly construed as a motion under Fed. R. Civ. P.

60(b). *Link v. Wabash R.R. Co.,* 370 U.S. 626, 632, 8 L.Ed. 2d 734, 82 S. Ct. 1386 (1962). Rule 60(b) provides that upon motion, and "just terms," the Court may relieve a party from a final judgment on several bases, including, applicable here, "mistake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." The Court's consideration of Plaintiff's Rule 60(b) motion necessarily rests entirely on Plaintiff's and her counsel's explanations for her failure to appear for the telephone status conference, failure to respond to Defendant's discovery requests, and failure to comply with case management deadlines. These failures were the subject of the July 28th show cause order to which Plaintiff did not respond, and were the primary bases for the Rule 41(b) dismissal order. *See, e.g., Walker v. Will County Sheriff's Dep't,* 1997 U.S. App. LEXIS 30426 at *3-4 (7th Cir. 1997).

In her submission to the Court, Plaintiff asserts that she received the "order from the Court" after the time for her to respond had passed due to placement in the incorrect mail slot at counsel's common office space. Presumably Plaintiff refers to the July 28, 2008 show cause order, as that is the only order of the Court that has been mailed to Plaintiff's counsel.[1] However, the show cause order was also delivered electronically to Plaintiff's counsel, as were the Court's subsequent orders granting Defendant Whitewater Publishing's Motion for Judgment on the Pleadings and the Court's dismissal of this matter for failure to prosecute and failure to comply with Court orders. Plaintiff's counsel further claims that he experienced computer/internet issues. Plaintiff also states that there have been "issues regarding the discovery process." Plaintiff apparently cites these grounds in support of her request to reopen this matter.

Both Defendants oppose Plaintiff's request to have this matter reopened. They point out that

---

[1] The Court only mailed a written copy of its show cause order after Plaintiff repeatedly failed to respond to electronic notices.

this Court previously warned Plaintiff's counsel about the importance of functioning e-mail (See Dkt. # 23). In addition, in other cases in this district and the Northern District, counsel has previously used the same excuses regarding e-mail and mail issues, and was warned and sanctioned by those courts. (See Dkt. # 47, Ex. A). Simply put, counsel's claims are not credible nor acceptable reasons to excuse his failures in this matter, as detailed in the Court's entry dismissing this matter (See Dkt. # 42). In fact, his claims only further demonstrate his failure to comply with the Court's orders and failure to prosecute this matter rather than providing a legitimate excuse warranting the reopening of the case.

Moreover, Plaintiff's counsel provides absolutely no explanation for his failure to appear for the July 28th telephone conference, file preliminary witness and exhibit lists, and respond to Defendants' discovery requests. Instead, he attempts to shift the blame to Defendants, claiming it is Defendants who have "not been forthcoming in discovery to the Plaintiff." This "best defense is a good offense" strategy is unavailing. As stated by Defendant Whitewater Publishing, Plaintiff has given the Court "little confidence in [her] intent to earnestly prosecute this matter going forward." (Dkt. # 47, pg. 4). The Court does not accept Plaintiff's counsel's accusations against Defendants as an excuse for his failures.

Defendants also argue that Plaintiff's remaining claim lacks merit, and her motion to reopen the case should be denied on that basis as well. The only remaining claim is for sex discrimination pursuant to Title VII. On the basis of the pleadings, Defendants' arguments appear persuasive. With respect to Defendant Missy Shrock, the claim against her in her individual capacity cannot survive given that Shrock was not Plaintiff's "employer" for Title VII purposes. As for Defendant Whitewater Publishing, Plaintiff's claim does not allege that any mistreatment she allegedly received from her manager Shrock was because of her sex; rather, her claim alleges mistreatment because of

her family relationship with Shrock's purported lover. Title VII does not provide a remedy for alleged discrimination on that basis. *See Benders v. Bellows and Bellows,* 515 F.3d 757, 767-68 (7th Cir. 2008).

      Plaintiff has provided no legitimate explanations to excuse her failure to prosecute this matter, has not established mistake, inadvertence or excusable neglect, nor demonstrated "just terms" to justify relief from the Court's Rule 41(b) dismissal of this matter. Further, her remaining claims are of questionable merit. Therefore, for the foregoing reasons, the Court **DENIES** Plaintiff's motion to reopen her case. The Court's prior entry of dismissal shall now be entered with prejudice.

**SO ORDERED.**

10/07/2008

                                              Jane Magnus-Stinson
                                              United States Magistrate Judge
                                              Southern District of Indiana

Distribution:

Brett Edward Buhl
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brett.buhl@odnss.com

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Thomas Dean Margolis
icarusx@earthlink.net

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com